**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1880
_____

IN RE: DANA N. GRANT-COVERT,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-15-cv-06018)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016

Before:  VANASKIE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 6, 2016)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dana N. Grant-Covert appeals from the District Court's order, which affirmed a bankruptcy court order[1] that vacated the automatic stay in her bankruptcy proceeding. We will affirm the District Court's judgment.

Because the parties are familiar with the history and facts of the case, we will limit our discussion to those facts essential to our decision. Appellant filed a Chapter 7 bankruptcy proceeding in June of 2015. Wells Fargo Bank, N.A., claiming to be a secured creditor based on a first mortgage on real property, filed a motion for relief from the automatic stay, see 11 U.S.C. § 362(a), in order to foreclose on the real property. Grant-Covert opposed the motion, arguing that Wells Fargo was "not the Real Party in Interest," that it did not have standing, that it was a "third Party Interloper," and that it had "not filed a Proof of Claim to be considered as Secured Creditor." Bankr. Dkt. #24 at 2.

The Bankruptcy Court held a hearing on the motion. Wells Fargo did not attend. The Bankruptcy Judge granted Wells Fargo's motion, informing Grant-Covert that she would have to raise any defenses she had in the state-court foreclosure action. Grant-Covert timely appealed.

The District Court affirmed the Bankruptcy Court order. The Court agreed that Grant-Covert could raise her defenses to the claim in the foreclosure action, concluded that Wells Fargo was a real party in interest under 11 U.S.C. § 362(d), and held that

---

[1] See In re: Dana N. Grant-Covert, No. 15-20394-ABA (Bankr. D.N.J. July 22, 2015).

2

Wells Fargo had shown cause for relief from the automatic stay. Grant-Covert filed a timely appeal.

The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) and 1291. Our review of the District Court's determination is plenary, and we use the same standard of review as the District Court in reviewing the decision of the Bankruptcy Court. See Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 353 (3d Cir. 2002).

Grant-Covert raises four issues in her brief on appeal, but her argument essentially boils down to this: Wells Fargo could not properly move to lift the stay because it lacked standing and/or was not a real party in interest. The Bankruptcy Court did not address the argument, stating that "[t]here's really no basis for this Court to retain the jurisdiction over those issues." Tr. at 5. The District Court did consider the argument, and held that Wells Fargo was a real party in interest. We agree.

Constitutional standing is a threshold jurisdictional limitation; federal courts may only decide real cases or controversies. See Barrows v. Jackson, 346 U.S. 249, 255 (1953). Grant-Covert does not appear to argue that Wells Fargo failed to show *constitutional* standing. But even if "the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, [the Supreme] Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499

3

(1975). This prudential aspect of standing is closely related to § 362(d)'s requirement that the party moving to terminate the automatic stay be "a party in interest." Because real parties in interest always have standing, but the converse is not always true, we focus on whether Wells Fargo is a real party in interest. See In re Veal, 450 B.R. 897, 907 (9th Cir. BAP 2011) (citing 4 Moore's Fed. Prac. § 17.10[1], at p. 17-15 (3d ed. 2010)[2]); see also In re Miller, 666 F.3d 1255, 1261 (10th Cir. 2012) (party seeking relief under § 362(d) must be either creditor or debtor of bankruptcy estate).

Grant-Covert argues that Wells Fargo is not a real party in interest because it did not show that it was entitled to enforce the Note associated with her mortgage. She does not dispute that her mortgage was transferred to Wells Fargo, but she argues that it cannot show that it was entitled to enforce the associated note because it was "indorsed to Wells Fargo and then indorsed in blank." Appellant's Br. at 11, quoting Dist. Ct. Op. at 2.

Under New Jersey law, an instrument that is indorsed in blank "becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." N.J. Stat. Ann. § 12A:3-205. Thus, whoever was in possession of the note would become the "holder" of the note, and would be entitled to enforce the note under N.J. Stat. Ann. § 12A:3-301. And under common law, if Wells Fargo held the mortgage but not the underlying note, the mortgage would have been "a worthless piece of paper." See Veal, 450 B.R. at 916 (internal quotation and citation omitted). Grant-Covert argues that the

---

[2] The same concept now appears at 2-13 Moore's Manual--Federal Practice and Procedure § 13.01[1] (2016).

reasoning in Veal should persuade us and similarly should result in a finding that Wells Fargo did not show that it is a real party in interest. But we find that unlike in Veal, Wells Fargo made a sufficient showing here that it possessed the note as well as the mortgage.

First, in Veal the assignment of the mortgage did "not contain language effecting an assignment of the Note." Veal, 450 B.R. at 905. In contrast, the assignment here assigned the mortgage to Wells Fargo "Together with the bond, Note or other Obligation therein described, and the money due to grow due thereon, with the interest." Bankr. Dkt. #18-1 at 22. Second, Tiffany Pompey, Vice President Loan Documentation of Wells Fargo certified that she had personally reviewed the company's records and certified that Wells Fargo "directly or through an agent, has possession of the promissory note." Id. at 1. And the certification attached a copy of the Note. Id. at 11-12. Cf. Veal, 450 B.R. at 904 ("Wells Fargo submitted . . . no evidence as to who possessed the Note and no evidence regarding any property interest it held in the Note."); Miller, 666 F.3d at 1264 ("While Deutsche Bank has offered proof that IndyMac assigned the Note in blank, it elicited no proof that Deutsche Bank in fact obtained physical possession of the original Note from IndyMac, either voluntarily or otherwise.").

As Wells Fargo provided evidence that it had been assigned the mortgage, and that it was in possession of the Note indorsed in blank, it produced sufficient evidence to allow the Bankruptcy Court to find that it was a party in interest, entitling it to ask that court to lift the automatic stay.

5

For the foregoing reasons, we will affirm the District Court's judgment.